**Dewey Earl LAKE, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21179.**

United States Court of Appeals
Ninth Circuit.

March 29, 1967.

Julian Herndon, Jr., William G. Whitney, Portland, Or., for appellant.

Sidney I. Lezak, U. S. Atty., Norman Sepenuk, Asst. U. S. Atty., Portland, Or., for appellee.

Before BARNES, HAMLIN and BROWNING, Circuit Judges.

PER CURIAM.

On April 30, 1965, an Ingersoll-Rand Air Compressor, Model D.L. 600, Serial No. 34949 (having a value of over $20,000) was received as part of a shipment from New York by the Loggers and Contractors Machinery Company in Portland. The compressor was kept on the open storage lot of the Company and was at that location on May 14, 1965 when an inventory was taken. When the next inventory was taken in mid-June, 1965, the compressor was missing.

The evidence showed that, on about May 17, 1965, appellant *Lake hired a truck driver,* Lee Grimm, to drive a truck from Portland to Klamath Falls. *Lake instructed Grimm to rent a truck* from Hertz Truck Rental. Grimm, *using Lake's credit card,* rented a 16 foot Ford Van on May 17, 1965, but returned the truck the following day after being told by Lake that "The load wasn't ready to go." About a week later, on May 23, 1965, *Grimm again rented a truck from Hertz with Lake* and Goutermont *present,* and *made a $200.00 cash down payment which he received from Lake.* This truck —which Grimm was hired by Lake to drive to Reno, Nevada—was an 18 foot Ford Van, and was driven by Grimm to the home in Portland of one Linda Moran. The stolen air compressor had been brought to Miss Moran's garage, and stored therein, by the defendant Goutermont some time before, and *Lake,* Goutermont and Grimm *loaded the compressor* onto the truck. The parties agreed to meet in Reno, with Grimm and Lake to drive in the truck, and Goutermont and Miss Moran to drive in the latter's pickup truck.[1] Upon arriving in Reno, the compressor was taken by Grimm and Lake to the home of one Donald Dugger in Sparks, Nevada, and placed in his garage. Dugger, by prearrangement with Goutermont, was to sell the air compressor, and Lake and Goutermont *informed Dugger that they wanted $15,000 for the compressor,* and discussed the price. Anything over that amount was to go to Dugger. After negotiating with Dugger, Lake and Goutermont left the compressor in Dugger's garage, and returned to Portland. Shortly thereafter, the air compressor was recovered by the F.B.I., and Lake and Goutermont were arrested and charged with the theft of this machine. After his arrest, *Lake called Grimm and told Grimm to "Keep [his] mouth shut" and "to say that Mr. Goutermont had hired [Grimm] to drive this truck."*

1. Grimm was instructed *by Lake* as to the route to take to Reno, viz: to Bend, Oregon, thence to Burns, Oregon, and from Burns down through Winnemucca, Nevada and into Reno. Moran and Goutermont followed a different route, viz: over Mt. Hood, through Madras, Oregon, to Lakeview, Oregon, and through Alturas, California to Reno. At the trial, the Government took the position that the route taken by the parties had significance in that Lake and Goutermont were attempting to conceal the stolen vehicle from the authorities. In this regard, the government introduced evidence to show that Lake had instructed Grimm to take the longer route from Portland to Reno through Nevada rather than through California; that the trip through California required a stop at the border checking station at Alturas, as Miss Moran testified; that the authorities at the border checking station looked into vehicles stopped there to determine if fruit or produce are carried therein; and that no such inspection was made at the Nevada checkpoint in McDermott, thereby minimizing the risk of discovery.

444

Appellant Lake and Harold Goutermont were indicted for wilfully transporting and causing to be transported in interstate commerce a stolen Ingersoll-Rand Air Compressor from Portland, Oregon to Sparks, Nevada, in violation of 18 U.S.C. § 2314. After a jury trial Lake and Goutermont were each found guilty. The defendant Goutermont has not appealed the judgment of conviction.

The principal point urged as error is that there was insufficient evidence to prove that the air compressor was stolen, or that Lake participated in removing it from Oregon to Nevada, or knew it was stolen.

The portions of the factual recital italicized above are ample to prove defendant Lake had possession of the air compressor. There was ample evidence to prove it was missing, and to raise a strong inference it was stolen, and that Lake had knowledge it was stolen. The issue of fact was found against Lake.

The remaining errors charged have either been withdrawn, or are without merit.

Affirmed.