**Thaddeus KING, Petitioner,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 67–H–901.**

United States District Court
S. D. Texas,
Houston Division.

Nov. 6, 1969.

Marvin O. Teague, Houston, Tex., for petitioner.

Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent.

*Memorandum and Order*

SINGLETON, District Judge.

This is an application for habeas corpus filed by petitioner, Thaddeus King,

seeking relief under 28 U.S.C. § 2241 et seq.

On October 10, 1966, petitioner was convicted in Criminal District Court No. 4, Harris County, Texas, on a charge of unlawful possession of heroin. The Texas Court of Criminal Appeals affirmed on June 21, 1967. King v. State, 416 S.W.2d 823 (Tex.Cr.App.1967). Petitioner's motion for rehearing was thereafter denied on July 26, 1967.

After that, petitioner applied for habeas corpus in the convicting court where he was denied permission to file. Again, the Texas Court of Criminal Appeals denied him relief. As respondent has admitted, petitioner has exhausted his available remedies in the courts of the State of Texas. The requirements set forth in Texas v. Payton, 390 F.2d 261 (5th Cir. 1968), have been satisfied.

Petitioner's sole contention is that he did not have the effective assistance of counsel within the spirit of the Sixth and Fourteenth Amendments to the United States Constitution.

■■ Since the time of the decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), it has not been doubted that each person accused of a crime, regardless of his ability to pay the costs, must have an attorney to represent him at trial if he wants one. By "assistance of counsel" the Sixth Amendment does not mean any assistance will do, but that there must be effective assistance. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940). See also Brown v. Beto, 377 F.2d 950 (5th Cir. 1967). In the latter case, effective assistance was defined in the following terms:

" ' * * * Incompetency of counsel such as a denial of due process and effective representation by counsel must be such as to make the trial a farce, sham, or mockery of justice.' This Court has defined 'effective counsel' in terms of a 'reasonable counsel' standard: 'We interpret the right of counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' " 377 F.2d 958.

As was said in Williams v. Beto, 354 F.2d 698, 705 (5th Cir. 1965), "Lawyers are not required to be infallible. If they were, law practice would soon totally disappear. * * * "

■ If, then, the Sixth Amendment does not require that criminal defendants have a perfect attorney, what does it require? The answer is that counsel must undertake to do those things necessary to the best interests of his client. As a bare minimum, this includes sufficient consultation with the accused to bring about an understanding of the case, advice to the accused of his constitutional rights, particularly his constitutional right to a trial by jury, and at trial a probing examination and cross-examination of witnesses, reasonable attempts to obtain and offer any defensive evidence, and if at all possible sufficient objections to the introduction of the evidence by the state so that the trial judge can have an opportunity to clearly understand the legal problems involved before making a ruling, and the presentation of some oral arguments on behalf of the accused. See Williams v. Beto, supra, citing Collingsworth v. Mayo, 173 F.2d 695 (5th Cir. 1949).

■ Unquestionably, these standards apply to attorneys which have been assigned to represent indigents. Whether they are applicable where the accused has retained counsel is another matter. At least one case in the Fifth Circuit has held that there is a distinction between lack of effective counsel and being denied the right to effective counsel. Howard v. Beto, 375 F.2d 442 (5th Cir. 1967). There has, however, been an indication in another Fifth Circuit case that the same considerations govern regardless of whether the attorney is appointed or retained. See Williams v. Beto, supra, 354 F.2d at p. 700, citing Williams v. United

States, 120 U.S.App.D.C. 244, 345 F.2d 733 (1965), wherein Judge Burger, now the Chief Justice of the Supreme Court, said:

"We have no more right to ask volunteer lawyers to stultify themselves or prostitute their professional standards than we would have to demand that paid lawyers do so."

■ Here, petitioner was arrested on January 24, 1966, almost nine months before his trial. In the early part of February, petitioner's aunt, Ola Jones, contacted an attorney to represent petitioner in the matters pending against him. A fee was agreed upon and paid. Thereafter, this attorney, together with an associate, went to the Harris County Jail and talked to petitioner. At the examining trial the associate appeared on behalf of petitioner. Other than the first visit and the examining trial, neither the employed attorney nor his associate ever contacted petitioner again prior to his trial. At the trial, petitioner was represented by an attorney other than the retained attorney and his associate. The evidence is not clear as to whether this attorney was also an associate of the employed attorney, although he did share the same office. This attorney (the one appearing on behalf of petitioner at the trial) had a casual look at petitioner while petitioner was in jail, but no contact was had with petitioner and this attorney never visited with petitioner while petitioner was in jail. The one and only time this "trial attorney" ever conferred with petitioner was on the day of trial. That conference lasted something less than thirty minutes.

Petitioner's trial began at 1:40 P.M. and ended the same afternoon at 3:15 P.M. When the state offered into evidence the heroin, no objection was made, although the heroin introduced into evidence was heroin allegedly thrown from a car and picked up on the street. Apparently, no fingerprints were made of the package containing the heroin to determine whether petitioner actually handled it. Petitioner claimed to have had certain witnesses he wanted to call on his behalf, but the "trial attorney" refused to call them. At the habeas hearing the "trial attorney" testified he did not see any reason to put these witnesses on the stand even though he never talked to them. The only evidence the "trial attorney" offered on the point of whether or not in his opinion he rendered effective assistance of counsel was his expressed opinion that he did everything petitioner wanted him to do. This Court concludes that the "trial attorney" actually wanted petitioner to plead guilty but petitioner refused, expressing his innocence at that time. At the conclusion of the trial petitioner was sentenced to 16 years, even though from the time of his arrest to the present he has strongly insisted upon his innocence.

The employed attorney's file consisted of a manila folder with petitioner's name on it. Inside the folder was a single sheet of paper which was blank except for the following: "Defendant, Thaddeus King, fee, $300.00." The only other notation on the file was the notation "10–9–66, Closed" which was initialed by the "trial attorney." The record is absolutely bare of any evidence of any work actually done in connection with petitioner's case.

It must be concluded that the quality of the legal services accorded petitioner were so poor that he did not have the opportunity to present his side of the story. He was, therefore, denied effective assistance of counsel, a fair trial, due process of law, and is entitled to habeas corpus.

For the above reasons, the petition for the writ of habeas corpus will be granted and petitioner discharged from the custody of the respondent without prejudice to the state to retry petitioner upon the indictment within ninety days from this date.

This Memorandum and Order will constitute a findings of fact and conclusions of law of this Court.

The Clerk is directed to file this Memorandum and Order and send copies to the attorneys of record.