Charles WASHINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42563.

Court of Criminal Appeals of Texas.

Feb. 11, 1970.

Thomas E. Lucas, Houston (on appeal only) for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ted Busch, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is murder with malice; the punishment, fifty years.

In his second ground of error the appellant challenges the sufficiency of the evi-

dence. The state's evidence reflects the following:

On November 26, 1966 Mrs. Carrie Cain Woods was in the front yard of Pete Escovedo's (the deceased) house at 2300 Reed Road in Harris County, Texas (Mrs. Woods owned the tract of property on which both the deceased's house and the house at which the shooting took place were located) when she saw a pickup truck with three men and a woman in it, pull in at the rear of a house she owned at 2303 Reed Road. The deceased got a pistol and he and Mrs. Woods jumped into Mrs. Woods' car and went to the house at 2303 Reed Road where they saw the woman sitting in the truck and the three men breaking into the rear door of the house. Mrs. Woods and the deceased got out of the car and went into the yard where the three men had by that time already broken the door. She asked the men their names and what they were doing there. One man told her his name was Samuel Johnson and the other man was his brother. The deceased disconnected the wires to the truck, told Mrs. Woods to call the police, and had walked to the rear of the pickup when the man who Mrs. Woods identified in the courtroom as the defendant, Charles Washington, said, "It's either your or me," and pulled a sawed-off shotgun from his coat and shot the deceased. The deceased, who at that time had his pistol in his hand, shot at the appellant grazing his head. Mrs. Woods called the police and an ambulance. She did not see the men again.

Mrs. Woods testified that she did not give the appellant and his companions permission to break into her house.

Officer Meyer of the Houston Police Department who arrived at the scene shortly after the shooting testified that the back door to the house appeared to have been forced, that the wood around the hinge on the door and the hasp had been broken away as if the door had been forced in, that the wooden portion of the door where the glass had been was boarded and had been knocked away, and that the house contained furniture, mattresses, beds, couches and chairs.

Dr. Robert Jordan, assistant medical examiner for Harris County, testified that the deceased, Pete Escovedo, died on January 4, 1967, and on that date a post-mortem examination was performed to determine cause of death; and the basic cause of death was a shotgun-type wound of the abdomen and chest.

The appellant did not testify or offer any testimony in his behalf.

The evidence is sufficient to sustain the conviction for murder committed during an attempt at the perpetration of the crime of burglary. The appellant's second ground of error is overruled.

In his first ground of error, the appellant contends that the court committed fundamental error in not charging the jury as to the definition and elements of the crime of burglary.

The conviction was under the second count of the indictment which charged the appellant with murder with malice aforethought while engaged in the perpetration of and in the attempt at the perpetration of the crime of burglary.

The opening paragraph of the court's charge states the offense by reciting the allegations of the indictment charging the offense as alleged in the second count.

The charge to the jury next defines "murder" and "malice aforethought" but it fails to define the offense of burglary.

The court's charge, in applying the law to the facts, required the jury to find beyond a reasonable doubt that the appellant with malice aforethought killed the deceased by shooting him with a gun while he was then and there engaged in the perpetration of and in an attempt at the perpetration of the crime of burglary before they could find him guilty, and it further charged the jury that if they did not so believe from the evidence or if they had a

reasonable doubt thereof to find the defendant "not guilty."

■ There were no objections to the court's charge and no requested charges, hence, no errors in the charge can be considered which are not fundamental.

In reviewing the court's charge on appeal, Article 36.19, V.A.C.C.P., provides that no case shall be reversed unless the error appearing from the record was calculated to injure the rights of the defendant or that the defendant has not had a fair and impartial trial.

■ When the charge is construed as a whole, along with the provisions of the indictment and the evidence, there is no showing of injury to the rights of the appellant or that he was denied a fair and impartial trial. No fundamental error is shown. The first ground of error is overruled. 5 Tex.Jur.2d 43, Sec. 23; Morrow v. State, Tex.Cr.App., 396 S.W.2d 386.

■ In his third ground of error the appellant contends that the trial court erred in admitting a pistol (State's Exhibit No. 1) into evidence over the appellant's objection that there was no evidence connecting the pistol with the crime. The testimony of Mrs. Woods reflects that the deceased, Pete Escovedo, took a pistol with him when they went to investigate the appellant's presence on Mrs. Woods' property, that the appellant shot Escovedo with a shotgun and Escovedo shot at the appellant with a pistol and grazed his head, and Officer Meyer found the pistol (admitted in evidence as State's Exhibit No. 1) laying on the floorboard of the pickup at the scene of the shooting. Mrs. Woods was positive that the deceased had a pistol but her testimony appears to be uncertain that it was the same as State's Exhibit No. 1. The evidence was sufficient to authorize the admission of the pistol into evidence. The appellant's third ground of error is overruled.

In his fourth ground of error the appellant contends that, "Appellant was not adequately represented by court-appointed trial counsel as guaranteed by the 6th and 14th Amendments to the Constitution of the United States." The appellant complains that the court-appointed trial counsel rested his case as soon as the state had rested and presented no defense, failed to raise the issue and request a charge on murder without malice, failed to keep certain hearsay testimony from the record, failed to renew his objection and motion for mistrial in connection with the admission of the pistol into evidence, and failed to object to the omission in the court's charge of the definition of burglary.

However, the record reflects that trial counsel properly objected numerous times to the admission of testimony, and his objections were sustained by the court. He objected strenuously to the admission of the pistol into evidence, and he tried zealously although unsuccessfully to elicit from Mrs. Woods that the pistol introduced in evidence was not the same pistol that Pete Escovedo had.

■ The test for ineffective assistance of counsel is whether, "the trial was a mockery of justice, or was shocking to the reviewing court, or perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference or preparation." Williams v. Beto, 5 Cir., 354 F.2d 698. The constitutional right to effective assistance of counsel has been held to mean "not errorless counsel, not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." Goodrum v. Beto, D.C.Tex., 296 F.Supp. 710; King v. Beto, D.C.Tex., 305 F.Supp. 636. A denial of effective assistance of counsel is not sustained by this record. The appellant's fourth ground of error is overruled.

The judgment is affirmed.