Samuel Earl **MEEKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43056.

Court of Criminal Appeals of Texas.

July 22, 1970.

Wallace Shropshire, Austin, for appellant.

Robert O. Smith, Dist. Atty., Dain P. Whitworth, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced by two prior convictions for a felony less than capital, life.

Trial was before a jury on a plea of not guilty. The jury returned a verdict of guilty, and punishment was assessed by the court. The sufficiency of the evidence is not questioned.

Appellant's first ground of error presents the contention that he was denied the effective assistance of counsel at his trial, as guaranteed by the 6th and 14th Amendments to the Constitution of the United States. It is appellant's contention that his court appointed attorney refused to take an active role as an advocate in the trial of this case.

The record reveals that appellant was apprehended while inside the closed B. L. Howard's Pit Barbeque restaurant in Austin, Texas, the arresting officer first discovering appellant in the building at 3:15 A.M.

Appellant complains that his trial counsel failed to discuss his case with him, refused to call the co-defendant to testify in his behalf, failed to conduct a voir dire examination of the jury panel, and refused to allow appellant to testify in his own behalf.

The record clearly reveals that said counsel actively participated in the trial of this case, cross-examined witnesses and objected to the introduction of evidence by the state. The applicable rule is stated by this court in Washington v. State, 450 S.W.2d 630:

"The test for ineffective assistance of counsel is whether, 'the trial was a

mockery of justice, or was shocking to the reviewing court, or perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference or preparation.' Williams v. Beto, 5th Cir., 354 F.2d 698. The constitutional right to effective assistance of counsel has been held to mean 'not errorless counsel, not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' Goodrum v. Beto, D.C.Tex., 296 F.Supp. 710; King v. Beto, D.C.Tex., 305 F.Supp. 636."

Appellant's claim of ineffective assistance is not supported by the record. His first ground of error is overruled.

■ Appellant's second ground of error contends that the trial court erred in proceeding to trial in absence of a written waiver of the ten day preparation period required by Article 26.04(b) Vernon's Ann.C.C.P., where appellant is put to trial within ten days of appointment of counsel.

Appellant was jointly indicted with Charles Tusie on August 1, 1968. Charles Johanson, of the Travis County Bar, was retained to represent appellant at a time prior to the return of the said indictment and appeared as his counsel at his arraignment on September 19, 1968. On December 2, 1968, Attorney Johanson requested the court to allow him to withdraw from the case for the reason that he had not been paid for his services. Such request was denied and he was appointed by the court to represent appellant. His counsel on appeal is also court appointed.

The purpose of Article 26.04(b) V.A.C. C.P. is clearly to guarantee to an indigent accused that he and his court appointed attorney will have a reasonable time in which they can prepare a defense. In the present case, it is clear from the record that appellant's counsel had three months in which to prepare for trial. Appointment of counsel here was to allow

payment to the lawyer for his services, and no error is presented by the action of the trial judge.

Appellant's second ground of error is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.