**J. B. KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43475.

Court of Criminal Appeals of Texas.

March 24, 1971.

Rehearing Denied May 12, 1971.

Burnett & Burnett by Wm. G. Burnett, Sinton (by appointment on appeal), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction of robbery with firearms. The death penalty was waived, and the trial was before the court on a plea of not guilty. The punishment was assessed at 25 years.

Appeal is predicated on six grounds of error.

The evidence adduced at the trial shows that two men entered a liquor store and exhibited pistols and demanded money of the owner. Appellant had a "black automatic pistol and the other man had a chrome-plated automatic pistol." Money was taken from the owner of the liquor store and also a customer who came in during the robbery. Both the owner and customer were bound and the owner was gagged.

In his first ground of error, appellant complains that there was no evidence that a firearm or other deadly weapon was used or exhibited. In Ruiz v. State, 368 S.W.2d 609, this Court recognized that a pistol was a firearm saying, "A pistol is defined to be: 'A short firearm intended to be aimed and fired from one hand.' Webster's New International Dictionary, 2d Ed.; 32a Words & Phrases 'Pistol', p. 105."

Ground of error number one is overruled.

Next, by grounds of error two through six, appellant complains that he was denied the right of assistance to counsel because waiver of 10 days in which to prepare for trial after appointment of counsel was not signed prior to the time the trial began. The record reflects that such

waiver was filed on April 3, 1970, the day of the trial. The statement of facts disclose that during the course of the trial, the court discovered the waiver had not been signed and filed. When raised by the court, appellant's counsel stated they had requested trial and would willingly sign a waiver. This was done.

Better practice would dictate that this be done prior to commencement of trial. However, in view of the fact that appellant requested trial on this date, willingly and intelligently signed a waiver when called to his attention and the further fact that he does not now complain that he needed additional time to prepare for trial, render the error harmless.

"The purpose of Art. 26.04(b), V.A.C.C.P. is clearly to guarantee to an indigent accused that he and his court appointed attorney will have a reasonable time in which they can prepare a defense." Meeks v. State, Tex.Cr.App., 456 S.W.2d 938, 939.

Here there is no showing that additional time was needed, requested or wanted.

No reversible error appearing, the judgment is affirmed.