**Lepoleum CROTHERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44979.**

Court of Criminal Appeals of Texas.

May 31, 1972.

Guy H. McNeely, Wichita Falls (By Court Appointment), R. M. Helton, Wichita Falls (of Council on Appeal), for appellant.

Jim Phagan, Dist. Atty., Wichita Falls, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction was for the sale of heroin; the punishment, three hundred years imprisonment.

In view of our disposition of this case it is only necessary to note that the evidence shows the sale of heroin by the appellant to an undercover agent.

1. Apparently he has satisfied such judgments in the amount of $40.00.

■ A reversal of the judgment in this case is required because the record shows that his court-appointed counsel was appointed on the day the trial commenced and the record fails to show that the appellant and his court-appointed counsel waived the time provided by law to prepare for trial.

The record reflects the indictment was filed on March 10, 1971. On March 22, 1971, the appellant was arraigned, entered a plea of not guilty and because he was too poor to employ an attorney, requested the appointment of counsel. Attorney Guy McNeely was appointed on March 22, 1971, to represent appellant and the trial commenced on that day.[1] A jury verdict of guilty was returned on March 25, 1971.

Article 26.04(b), Vernon's Ann.C.C.P., provides:

"The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

■ The record does not contain a written waiver signed by appointed counsel and the accused waiving the ten days time provided to prepare for trial. The requirement of Article 26.04(b), V.A.C.C.P. is mandatory. See Farmer v. State, 419 S. W.2d 382 (Tex.Crim.App.1967); Henry v. State, 433 S.W.2d 430 (Tex.Crim.App. 1968); King v. State, 466 S.W.2d 322 (Tex.Crim.App.1971).

Unlike Meeks v. State, 456 S.W.2d 938 (Tex.Crim.App.1970); Gray v. State, 475 S.W.2d 246 (Tex.Crim.App.1971) and Lee v. State, 478 S.W.2d 469 (Tex.Cr.App. 1972), the record in this case does not affirmatively show that court-appointed counsel had had sufficient time to prepare for trial and the appointment was made merely to allow payment for services.

The reversible error already discussed is compounded by circumstances giving rise to appellant's contention that he was denied the constitutional right to assistance of counsel of his choice.

A portion of the rather lengthy record is concerned with the appellant's being represented by attorney Ray Gene Smith, who the appellant contends was counsel of his choice. Attorney Smith was not permitted to defend nor to assist court-appointed counsel in the defense of the appellant. The refusal to permit attorney Smith to participate presents a serious question.

■ The State contends that it was not error to refuse to permit attorney Smith to represent the appellant because a continuance and delay of the trial would have resulted. The record does not wholly support the State's contention. No motion for continuance was filed. The court, at the instance of the State, refused to permit attorney Smith to make any statement regarding the case. This record does not show sufficient reason why attorney Smith was not permitted to represent the appellant pursuant to appellant's request.

It appears from this record that it would have been wiser to have permitted attorney Smith to represent appellant or in the alternative to have permitted him to participate with court-appointed counsel in appellant's defense.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

1. A written instrument in the record signed by the trial court, as well as the trial court's docket, shows that attorney Guy McNeely was appointed to represent the appellant on March 22, 1971. There is some vague reference in the transcript of the testimony that Guy McNeely was appointed "some time ago," but the time stated on the docket sheet and on the written instrument filed in the record is the only clear indication as to the time of appointment of counsel.