Joe **MUNOZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 52200.

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

Richard M. Graham, Midland, for appellant.

John H. Green, Dist. Atty., Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for theft of property of the value of more than fifty dollars under the former penal code. Punishment, enhanced by two prior felony convictions, was assessed at life in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged. In two grounds of error appellant alleges that the provisions of Article 26.04, Vernon's Ann.C.C.P., were not complied with in that his court-appointed attorney was not allowed the mandatory ten day period for preparation prior to trial.

It appears from the record that appellant was charged in Cause Number B–7455 with selling narcotics and in Cause Number A–7455 (the instant case) with theft. It is undisputed that counsel had been appointed in ample time to represent appellant in the narcotics case. The formal notice sent to counsel by the district clerk apparently was marked only with Cause Number B–7455, and it appears that through inadvertence no formal notice had been given counsel as to the instant case.

During a discussion among the State's attorneys, defense counsel and the trial court, it was developed that plea negotiations had been conducted between the State's attorney and defense counsel several weeks prior to trial. There was a dispute between the prosecutor and defense counsel over whether or not those negotiations involved only the narcotics case, or only the theft case, or both cases. Defense counsel contended that his first notice of the theft case was on the Friday immediately preceding trial, at which time he discussed the availability of witnesses with the prosecutor.

The court noted for the record that "the practice in Ector County" was to appoint the same attorney to represent an accused when more than one case is pending against him. It was the court's opinion that such was the situation here, that appellant's counsel was aware of that fact and was prepared for trial, and, therefore, he overruled the appellant's motion for continuance.

This case is much like the situation in *McBride v. State,* 519 S.W.2d 433 (Tex.Cr. App.1974). In that case it was also undisputed that counsel had been appointed to represent the defendant in another cause, but "through inadvertence no formal notice had been given counsel" as to the case then before the court. We affirmed that case, however, because the record contained a motion for discovery filed by counsel ten days prior to the commencement of the trial indicating that he had had sufficient time to prepare for trial.

The record in the instant case contains no motions filed prior to the commencement of the trial or any other affirmative showing that counsel was afforded the mandatory ten days to prepare for trial or even that he was appointed to represent appellant in the instant case.

For the failure of the record to show compliance with Article 26.04, supra, the judgment must be reversed and the cause remanded. *Pollinzi v. State,* 541 S.W.2d 445, (Tex.Cr.App.1976); *Henson v. State,* 530 S.W.2d 584 (Tex.Cr.App.1975); *Crothers v. State,* 480 S.W.2d 642 (Tex.Cr.App.1972).

The judgment is reversed and the cause remanded.

Opinion approved by the Court.