**Juan Baldomero MORENO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13-81-220-CR.**

Court of Appeals of Texas, Corpus Christi.

June 30, 1982.

Judgment reversed, —— S.W.2d ——.

Edward M. Carmona, McAllen, for appellant.

Robert Salinas, Crim. Dist. Atty., Edinburg, for appellee.

Before YOUNG, UTTER and KENNEDY, JJ.

OPINION

UTTER, Justice.

We withdraw our opinion of June 3, 1982, and substitute this opinion.

This is an appeal from a conviction of aggravated robbery. Punishment was assessed at 20 years in the Texas Department of Corrections. The sufficiency of the evidence is not challenged. We reverse.

The issue before this Court is whether the appellant's court appointed attorney was provided with the statutory ten day period in which to prepare for trial. Art. 26.04(b) Tex.Code Crim.Pro.Ann. (Vernon 1979) provides:

"The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

In the instant case, no written waiver of the ten day period to prepare for trial was executed by appellant and his counsel. The State argues that appellant's failure to raise the issue in the trial court waives error, if any. It is settled, however, that in a direct appeal it is wholly immaterial whether any complaint regarding sufficiency of preparation time was raised at trial. *Henson v. State,* 530 S.W.2d 584 (Tex.Cr. App.1975). The Court of Criminal Appeals has also held that absent a written waiver, the failure to allow appointed counsel ten days to prepare for trial requires reversal on direct appeal without the necessity of showing harm or prejudice. *Peters v. State,* 575 S.W.2d 560 (Tex.Cr.App.1979) and cases cited therein. Since no written waiver was filed, this issue is properly before us for review.

The record reflects that appellant was arrested on February 5, 1981, and that counsel was appointed on February 11. The grand jury indicted the appellant on April 29, 1981. Appellant was in jail on the date of indictment.

Art. 25.02 Tex.Code Crim.Pro.Ann. (Vernon 1979) provides that the sheriff shall immediately deliver a copy of the indictment to the accused. Five days later, on May 4, 1981, the trial court issued a precept to the sheriff to serve a copy of the indictment on the appellant. Trial began on May 11, 1981, only seven days after the precept was issued.

We agree with appellant's argument that counsel should have had ten days after the appellant was served with a copy of the indictment in which to prepare for trial. The purpose of Art. 26.04(b) is to protect an accused's right to have an adequate time to prepare for trial. *Moore v. State,* 493 S.W.2d 844 (Tex.Cr.App.1973). Under the circumstances of this case, the appellant's court-appointed attorney had less than ten days after the indictment was issued in which to prepare a defense.

While we can find no authority directly on point, two similar cases indicate to us that reversal is required. In *Hayles v. State,* 507 S.W.2d 213 (Tex.Cr.App.1974), the Court of Criminal Appeals upheld appellant's conviction even though appointed counsel was not provided the statutory peri-

od in which to prepare for trial after re-indictment. The accused had been indicted on April 27, 1972 for exhibiting a shotgun during the course of an armed robbery. Counsel was appointed on July 21, 1972. On September 1, 1972, the original indictment was dismissed and a new indictment was presented, changing the word "shotgun" to "pistol". The case went to trial on September 6, 1972. The Court admonished trial judges to avoid proceeding to trial within ten days of re-indictment and said, "While we are able to conclude that *in this case,* (emphasis in original) in light of the appellant's defense, the facts do not warrant reversal, we do not intend to invite dismissals of indictment and re-indictments, and then not allowing counsel the ten days in which to prepare for trial." The Court noted that the indictments were similar, that the changed indictment had no effect upon the accused's alibi defense, and that all defense motions and papers which had been filed under the first indictment were accepted under the second indictment.

Another similar case in which the Court of Criminal Appeals upheld the conviction was *Guzman v. State,* 521 S.W.2d 267 (Tex. Cr.App.1975). Once again, the Court noted that the differences between the original indictment and the re-indictment were "negligible" and in no way affected the appellant's defense presented at trial. That cannot be said in the present case. The circumstances which allowed the Court to find that the accused's defense was not impaired in the above cases do not exist here. There was no former indictment for the appellant and his counsel to defend against. Before a grand jury returns an indictment, there is no need to prepare for trial, and an accused has no notice of the allegations against him or with what offense he is charged. The grand jury may choose not to indict or it may choose to indict for some other offense. The accused cannot prepare a defense to allegations which have not been made. *Cf. Johnson v. State,* 567 S.W.2d 214 (Tex.Cr.App.1978).

■ We hold that in situations where the attorney is appointed prior to indictment, and the accused is in jail at the time of indictment, counsel must be provided with at least ten days after the indictment is served on the accused in which to prepare for trial. We find support for our position in Art. 27.12 Tex.Code Crim.Pro.Ann. (Vernon 1979) which provides:

In cases where the defendant is entitled to be served with a copy of the indictment, he shall be allowed the ten days time mentioned in the preceding Article to file written pleadings *after such service* (emphasis ours).

Art. 26.04(b) Tex.Code Crim.Pro.Ann. (Vernon 1979), while mandating that a court appointed attorney be given ten days in which to prepare for trial, does not provide a point of reference in which to begin the running of the ten-day period. Whether counsel was furnished with the proper time necessarily depends upon the facts and circumstances of each case. Here, counsel was not provided the mandatory ten-day period.

The record clearly shows that appellant's counsel announced "ready" for trial, made no objection to proceeding with trial, and alleges no harm or prejudice to the accused. We reverse only because the Court of Criminal Appeals has held that on direct appeal the provisions of Art. 26.04 are mandatory, that no objection needs to be made at trial, and that no showing of harm is necessary. See *Crothers v. State,* 480 S.W.2d 642 (Tex. Cr.App.1972); *Henson v. State, supra; Peters v. State, supra.*

The judgment of the trial court is REVERSED, and the cause REMANDED for a new trial.