Shadrick Lee ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–83–390–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 4, 1984.

Reo Harris, Jr., David P. Zavoda, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, SEARS and T. GIL-BERT SHARPE, retired, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted of burglary of a habitation under TEX.PENAL CODE ANN. § 30.02 (Vernon 1974), and was sentenced to twenty years confinement. On appeal, he argues that his conviction should be reversed because his attorney was not appointed at least ten days prior to trial, pursuant to TEX.CODE CRIM.PROC. ANN. art. 26.04(b) (Vernon 1966). We find no error and affirm the conviction.

A recitation of the facts is unnecessary to an understanding of our disposition of Appellant's single ground of error.

Appellant was first indicted in Cause No. 358,241, alleging that Appellant, on or about June 21, 1982, did:

with intent to commit theft, enter a habitation owned by MARILYN R. MAC-KENZIE, a person having a greater right to possession of the habitation than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

The enhancement paragraph alleged that:

Before the commission of the offense alleged above on January 17, 1978 in Cause No. 3235 in the Van Buren County Circuit Court of Van Buren County, Texas, the Defendant was convicted of the

felony of Breaking and Entering occupied dwelling.

On June 22, 1982, the court appointed Reo Harris, Jr. to represent Appellant. Harris made several appearances for Appellant between June 22, 1982, and January 25, 1983, the date that Appellant was reindicted in Cause No. 372,939. The reindictment alleged that Appellant did:

with intent to commit theft enter, by prying open a sliding glass door and intruding his entire body,[1] a habitation owned by MARILYN R. MACKENZIE, a person having a greater right to possession of the habitation than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

That enhancement paragraph alleged that:

Before the commission of the offense alleged above on January 17, 1978 in Cause No. 3235 in the Van Buren County Circuit Court of Van Buren County, Michigan,[1] the Defendant was convicted of the felony of Breaking and Entering, unoccupied dwelling.

The transcript does not contain an order appointing Harris to represent Appellant after the January 25 indictment. However he continued to serve as Appellant's attorney and made several appearances for Appellant between January 25 and April 29, 1983. On April 29, 1983, Appellant was reindicted in Cause No. 379,564. The first paragraph of this final indictment was identical to the first paragraph of the reindictment in Cause No. 372,939. The enhancement paragraph was changed to read:

Before the commission of the offense alleged above on January 17, 1978 in Cause No. B145149[1] in the Van Buren County Circuit Court of Van Buren County, Michigan, the Defendant was convicted of the felony of Breaking and Entering.

The record reflects that Mr. Harris was formally appointed to represent Appellant in Cause No. 379,564 on May 13, 1983. Appellant's trial began on May 23, 1983,

which Appellant alleges was only nine days after the appointment.

Appellant correctly points out that art. 26.04(b) entitles court-appointed counsel to ten days to prepare for trial, which time period is subject to a written waiver signed by the defendant and attorney. However, the court of criminal appeals has repeatedly held that the attorney's actual preparation time, rather than the time of formal appointment, determines whether art. 26.04(b) has been satisfied. *See, e.g., Hamel v. State,* 582 S.W.2d 424, 428 (Tex. Crim.App.1979); *Henson v. State,* 530 S.W.2d 584, 585 (Tex.Crim.App.1975).

Mr. Harris was appointed to represent Appellant on June 22, 1982, and continued to represent him for over eleven months. The change in cause numbers in the final enhancement paragraph did not require additional time to prepare for trial. In the event such a change requires additional time for investigation and preparation, Appellant's appointed counsel could have asked for a continuance. Appellant's attorney announced ready for trial and there is nothing in the record to indicate he was not ready, or that Appellant's rights were in any way prejudiced by the final change in the enhancement portion of the indictment. The fact that the trial judge did not perform the ministerial task of formally reappointing Harris to represent Appellant in the final indictment until nine days before trial began is inconsequential. *See Meeks v. State,* 456 S.W.2d 938 (Tex. Crim.App.1970).

Appellant's ground of error is overruled and his conviction is affirmed.

---

1. Changes are underscored.