**George Edward GRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44291.**

Court of Criminal Appeals of Texas.

Nov. 30, 1971.

Rehearing Denied Feb. 2, 1972.

Joe C. Shaffer, Houston (court appointed on appeal) for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for murder with malice. The punishment was assessed by the jury at 75 years.

The record reflects that the appellant and deceased had been living with two sisters in the same house and that two days before the deceased was killed, the deceased had raped the sister appellant had been living with; that on the day in question, appellant went to the house where the girl deceased was to marry lived, and according to appellant, he took a gun with him because he knew that deceased had a gun, and that his purpose in going was to persuade deceased to leave town; that appellant asked deceased to go outside and talk and get things straight and that deceased got up from where he was seated, took a couple of steps, came out of his pocket with a pistol and said, "I am not going anywhere with you"; that the appellant and deceased "tussled" and appellant got his gun out of his back pocket and shot deceased. The medical examiner testified that deceased had five bullet wounds.

■ Appellant first complains of the court's charge on limitation of impeachment evidence. Appellant's second contention is that the court should not have given a charge to the jury on self-defense. Appellant's first objections to these portions of the court's charge were made when appellant's brief was filed. No written objection or special requested charge was filed in accordance with Articles 36.14 and 36.15, Vernon's Ann.C.C.P., and nothing, therefore, is presented for review. Spencer v. State, Tex.Cr.App., 466 S.W. 2d 749; Baity v. State, Tex.Cr.App., 455 S.W.2d 305; Burleson v. State, Tex.Cr. App., 449 S.W.2d 252.

■ Appellant complains of admission into evidence of testimony calculated to connect the appellant with the extraneous offense of breaking and entering a coin-operated machine. There was testimony that appellant was seen leaving the scene of the shooting in a certain described black panel truck.

Officer Wehr, of the Houston Police Department, testified that he found a truck answering the description in a pasture, and that he saw a money box from a coin-operated machine and portions of a coin-operated machine in the truck, and that the coin-operated machine "looked like it had been busted from its mounting." The record does not reflect the time or date the abandoned truck was found. Officer Wehr further testified that his investigation revealed the truck was registered in the name of Jo Ann Fields and that of his own personal knowledge, he did not know that this defendant had any connection with this particular truck. We conclude that this testimony fails to show an extraneous offense.

■ Appellant contends that counsel was forced to trial in less than ten days after appointment with no written waiver from appellant or his court-appointed counsel. The trial began May 12, 1970. Appellant's court-appointed counsel in the trial court testified that he set up a file on the case on February 17 and was of the opinion that he was appointed by the court on March 6 when he made an appearance in court in behalf of appellant; that appellant's common law wife had contacted

him; that he had talked to appellant in jail and appeared with appellant in court at his request. The court recalled that he appointed counsel on the first or second day of the trial when counsel told him he had not received any money, and the clerk testified he remembered such conversation on the second day of the trial. The docket sheet does not reflect any date beside the notation of the appointment. It appears undisputed that counsel first entered the case at the request of appellant or someone connected with appellant; that he made an appearance in court for appellant on March 6 and believed he was counsel for appellant from then until the conclusion of the trial when he requested other counsel be appointed to represent appellant in the appeal. In Meeks v. State, 456 S.W.2d 938, this court held that where it was clear that counsel had three months in which to prepare for trial, and his appointment was made merely to allow payment for services, proceeding to trial in absence of waiver of ten day preparation period where trial began within ten days of appointment was not error. Under the circumstances in the instant case, we find it immaterial whether counsel was appointed on March 6 as counsel believed or on the first or second day of the trial as recalled by the court.

■ Appellant contends his counsel, prior to his employment by appellant, charged appellant with theft of a typewriter. Appellant's counsel testified that he had discussed this matter with appellant when he was employed by him, and that he had tried to get the case dismissed. We perceive no error.

■ Appellant contends he was denied effective aid and assistance of counsel in the trial court. We have examined the record and conclude that appellant was adequately represented.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.