**Nathaniel Herman LEE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44747.**

Court of Criminal Appeals of Texas.

March 29, 1972.

Matkin, Ledbetter & Johnson by C. Michael Matkin, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and H. L. (Stu) Stewart, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The jury assessed the punishment at life.

The sufficiency of the evidence is not challenged. The record reflects that Jeanette Thompson, Margaret Conley and Herman Lee, the appellant, along with two others went to a small grocery store in Houston. Margaret Conley and the appellant, both armed with guns, went inside. L. T. Lee, the owner of the store, struggled with the appellant and the gun was fired several times. Margaret Conley shot the owner in the side. The appellant also suffered a gunshot wound. The robbers took approximately $500 from the store and left. The owner of the store was hospitalized for some two weeks because of his wound.

The appellant contends that the court erred in permitting an accomplice witness Jeanette Thompson to testify that she went to the grocery store for the purpose of robbery over the objection that such was a presumption. We perceive no error.

Complaint is made that the prior criminal record of the appellant which showed three convictions for burglary was improperly admitted, because the record did not show that copies had been delivered to him before they were admitted. No such objection appears in the record and nothing is presented for review.

If an objection had been made, there is still no showing that the appellant was unduly surprised by the evidence. No error is shown. See Denham v. State, Tex. Cr.App., 428 S.W.2d 814.

Lastly, appellant contends that he was denied effective assistance of counsel, be-

cause the record does not show that counsel was appointed ten days prior to trial and no waiver of such time was filed under Article 26.04, V.A.C.C.P.

The appellant does not show that he was indigent or that he was entitled to appointment of counsel and the ten days time for preparation. See Schafer v. State, Tex.Cr. App., 436 S.W.2d 352.

The record reflects that the Honorable Bob Robertson had represented the appellant prior to the date of the appointment. How long he had represented him is not shown. The trial was one day after the appointment. The docket sheet shows that the appellant asked for Robertson to be appointed "for luck," and that the court appointed him to avoid a resetting of the case. No additional time was asked for preparation purposes.

In Meeks v. State, Tex.Cr.App., 456 S.W. 2d 938, it was contended that the trial court erred in proceeding to trial in absence of a written waiver of the ten day preparation period required by Article 26.04(b), V.A. C.C.P., where the accused was put to trial within ten days of appointment of counsel. There counsel had been representing the accused for some time, but requested to withdraw because he had not been paid. Such request was denied and the same counsel was appointed to represent him. The court held the fact that the trial was held within ten days after the appointment of counsel was not reversible error.

■ In the present case there is no contention that trial counsel did not have sufficient time to prepare for trial, but only the complaint that the record does show that the appointment was made less than ten days before the case was tried. We hold that no reversible error is shown.[1]

The judgment is affirmed.

[1]. It would be better practice for the trial courts to enter an order appointing counsel reciting how long the attorney had represented the appellant prior to the appointment.