**Andrew J. CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45048–45050.**

Court of Criminal Appeals of Texas.

May 31, 1972.

James P. Finstrom, Dallas, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction in each of the three cases was for the sale of heroin. The cases were tried together before the same jury. The court assessed the punishment in cases No. 45,048 and No. 45,049 at fifty years imprisonment and in case No. 45,050 at life imprisonment.

The evidence shows the sale of heroin to an undercover agent on three separate occasions.

The grounds of error raised in each of the three cases are identical.

The appellant's first ground of error is that "The record in this cause will not support appellant's conviction because same fails to show when appellant's counsel was appointed and same fails to show that appellant waived his statutory and constitutional right to ten days to prepare for trial."

The appellant argues in support of this ground of error that "The record in the cause at bar is silent as to the date counsel

was appointed to represent appellant who was indigent at the time of his trial. The record is further silent as to any waiver of appellant's right to have ten days to prepare for trial as guaranteed by Article 26.-04, V.A.C.C.P."

The docket sheet in the instant case reflects the name "Jas. P. Finstrom" in the space for the attorney representing appellant. Immediately below this is "Jas. P. Finstrom, appointed on appeal 2–12–71." The docket sheets and the statement of facts indicate that the trial began on January 20, 1971. An instrument is filed in the record designated "Affidavit of Defendant" which is an affidavit of indigency of appellant and was purportedly signed on January 20, 1971, but was not filed with the clerk of the court until January 28, 1971. At the bottom of this affidavit of indigency is a certificate of the trial court that attorney Finstrom *had represented* and "actually appeared January 20–21, 1971" and was entitled to a fee for his services. This certificate was purportedly signed by the trial judge on January 21, 1971.

There was no motion for continuance. This ground of error was not raised at the time of trial nor on motion for new trial, but it is urged for the first time on appeal.

A similar contention was made in Steward v. State, 422 S.W.2d 733 (Tex.Cr.App. 1968), where it was said:

"There can be no question that a showing on direct appeal of a failure to comply with the mandatory provisions of Article 26.04, supra, would call for reversal. Farmer v. State, Tex.Cr.App., 419 S.W.2d 382; Bennett v. State, Tex. Cr.App., 382 S.W.2d 930; Ex parte Gudel, Tex.Cr.App., 368 S.W.2d 775. Cf. Ex parte Meadows, Tex.Cr.App., 418 S. W.2d 666 (a different rule prevails in a collateral attack on an otherwise valid

conviction in the absence of a showing of injury).

"If, on the other hand, counsel's appointment has been more than ten days prior to trial, Article 26.04, supra, has no application. Lamar v. State, Tex.Cr. App., 415 S.W.2d 926.

*"In absence of a showing of the date of trial counsel's appointment, we would not be inclined to reverse* under the circumstances here presented." (Emphasis added.)

We would be less inclined to reverse under the circumstances presented in this case than those in Steward v. State, *supra.* See also Lee v. State, 478 S.W.2d 469 (Tex.Cr.App.1972) and Schafer v. State, 436 S.W.2d 352 (Tex.Cr.App.1969).

This case is unlike that of Lepoleum Crothers v. State, 480 S.W.2d 642 (Tex. Cr.App. May 31, 1972), in which the record affirmatively showed that the defendant's counsel was appointed on the day the trial commenced.

Like Meeks v. State, 456 S.W.2d 938 (Tex.Cr.App.1970); Gray v. State, 475 S. W.2d 246 (Tex.Cr.App.1971) and Lee v. State, *supra,* it appears that counsel had had sufficient time to prepare for trial and the appointment was made merely to allow payment for services.[1]

This ground of error is overruled.

The second ground of error is that "Appellant was improperly convicted on the uncorroborated testimony of an accomplice."

The appellant contends that the undercover agent, Fred Young, was an accomplice witness, therefore, his testimony required corroboration. An undercover "agent is not an accomplice witness so long as he does not bring about the crime, but merely obtains evidence to be used against

---

1. Prior to trial, counsel for appellant filed a motion for discovery, a motion to suppress evidence, and a "motion for hearing on identification and suppression of said testimony."

those engaged in the traffic." Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139 (1959). Jones v. State, 427 S.W.2d 616 (Tex.Cr.App.1968). See also Martinez v. State, 471 S.W.2d 399 (Tex.Cr.App. 1971); Alvarez v. State, 478 S.W.2d 450 (Tex.Cr.App.1972) and Easley v. State, 478 S.W.2d 539 (Tex.Cr.App.1972). There is nothing in this record to suggest that the undercover agent was an accomplice witness and therefore, corroboration was not required.

■ The third ground of error is that "The trial court erred when it admitted into evidence exhibits regarding which a proper chain of custody had not been shown."

It is urged that "The record does not reflect the manner in which the exhibits one, two and three were transported from the crime laboratory where they were analyzed to the courtroom where they were introduced into evidence." The undercover agent purchased two capsules of heroin from the appellant on three separate occasions. The chain of custody of the capsules purchased on each occasion was carefully traced from the undercover agent to the crime laboratory where they were analyzed. The container for each one of the exhibits had been marked and was identified by each of the witnesses in the chain of custody when they testified. No error is shown. See Witt v. State, 475 S.W.2d 259 (Tex.Cr.App.1971) and Walker v. State, 470 S.W.2d 669 (Tex.Cr.App.1971).

■ The fourth ground of error is that "The evidence is insufficient to establish sale of any usable quantity of heroin."

The appellant relies upon Greer v. State, 163 Tex.Cr.R. 377, 292 S.W.2d 122 (1956) and Tomlin v. State, 170 Tex.Cr.R. 108, 338 S.W.2d 735 (1960). In Tomlin v. State, *supra*, the conviction was for *possession* of heroin and there, possession of 1.7 milligrams (1,700 micrograms) of heroin was held to be sufficient to sustain the

conviction. The evidence in this case shows that the first *sale* was two capsules containing 0.8 milligrams of heroin per capsule, the second *sale* was two capsules containing 0.48 milligrams of heroin per capsule and the third *sale* was two capsules containing 1.4 milligrams of heroin per capsule.

In Reyes v. State, 480 S.W.2d 373 (Tex. Cr.App. May 24, 1972), we discussed and rejected the application of Greer v. State, *supra*, to cases for *sale* of heroin as follows:

"In Greer v. State, 163 Tex.Cr.R. 377, 292 S.W.2d 122, this court held that a trace of a narcotic, ' . . . such as may have been wiped from a needle following an injection . . . ,' which had been extracted from a small piece of wet cotton, was an insufficient amount to support a conviction for unlawful possession of heroin.

"In Pelham v. State, 164 Tex.Cr.R. 226, 298 S.W.2d 171, the reasoning behind the decision in the Greer case was discussed, the court stating that:

" 'It would be a harsh rule, indeed, that would charge appellant with knowingly possessing that which it required a microscope to identify.'

"Pelham's conviction for the offense of unlawful possession of marihuana was reversed on the basis that the substance in question could only be identified by microscopic examination. (Footnote omitted.)

"In a trial for the illegal possession of a narcotic drug, the basic element which the state must prove is that the accused intended to violate the law by knowingly possessing such drug, e. g. Rodriguez v. State, Tex.Cr.App., 372 S.W.2d 541; Fawcett v. State, 137 Tex.Cr.R. 14, 127 S.W.2d 905. Where the evidence shows that the accused knowingly possessed a narcotic drug, Pelham and Greer are inapplicable. See Blaylock v. State, 171

Tex.Cr.R. 665, 352 S.W.2d 727; Robinson v. State, 163 Tex.Cr.R. 499, 293 S.W.2d 781.

"The reasoning of Greer and Pelham is likewise inapplicable to prosecutions for the *sale* of a narcotic drug. Where the accused has represented that he is selling a certain narcotic drug and the substance which he sells is found to contain such narcotic drug, knowledge has been shown.

"Since Pelham and Greer are inapplicable to prosecutions for sale of narcotics, the trial court did not commit error in failing to submit appellant's requested charge to the jury; and the evidence is sufficient to support the conviction."

The *sale* of any measurable amount of heroin is sufficient to constitute a violation of Article 725b, Vernon's Ann.P.C. See United States v. Sudduth, 458 F.2d 1222 (10th Cir. April 20, 1972).

The appellant's fifth ground of error is that "Appellant maintains that he was prejudiced by the admission into evidence of extraneous offenses involving other individuals with whom he associated."

The evidence complained of is that the undercover agent testified that he had made buys of heroin from other named individuals, against whom cases were pending, at the same place where he purchased the capsules from the appellant. Prior to the State offering such evidence the appellant's counsel, in cross-examining the undercover agent, had inquired if other persons were present on the premises when the agent made his purchases and whether he had ever made buys from them. The undercover agent answered that he had. He was then questioned by appellant's counsel about the circumstances and the names of the persons from whom the buys were made. The officer named the other persons. Appellant's counsel having first gone into this matter, appellant cannot now complain.

At the punishment phase of the trial, proof was made that the appellant had been convicted of two prior felony offenses.

The judgments are affirmed.

Opinion approved by the Court.