Mike **HOLDAWAY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47391.

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Harris E. Lofthus, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and John J. Wheir, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of selling a narcotic drug, to-wit: morphine. Punishment was assessed by the court at five years. Appellant raises four grounds of error, the first being that the court erred in refusing his motion for an instructed verdict.

The record reflects that Michael D. Raef was sold two tablets of morphine on July 21, 1971. Raef testified that in July of 1971 he was employed by the Amarillo Police Department as an undercover narcotics

agent; that while he was so employed he met a young man by the name of Pat Jackson in the early part of July; that he gave Pat a ride in his car on July 21, 1971, after he had seen him hitchhiking by Elwood Park; and that Pat at that time offered to sell him some morphine, which he agreed to buy for the price of $2.50 per "hit." After an agreement had been reached, Raef and Pat went to Pat's house, whereupon Pat and appellant went into the back bedroom and had a short conversation. After appellant and Pat came out of the bedroom, Pat then handed Agent Raef one tablet and Raef gave Pat a five dollar bill. Appellant then produced a package out of his pocket that had approximately fifteen or twenty tablets in it and gave Raef one of the tablets. Raef was then asked by appellant if "that's all he wanted", to which he replied "yes."

Appellant, testifying in his own behalf, stated that the first time he saw Michael Raef was when Pat Jackson brought him to the house on the day in question; that Pat came into the house and stated: "This is my new friend, he just bought me some wine, a quart of wine"; that Raef asked everybody[1] in the room if they had anything to sell; that he then took Pat in the back room and asked him who this fellow was, to which Pat replied "He's a nice guy, he just bought me a quart of wine. We have been drinking it;" that Pat also said that he was going to sell Raef some morphine; that they then walked out of the bedroom; that Raef then walked up to Pat and said, "Do you have any," to which Pat replied "yeah"; that Pat then pulled out one and gave it to him; that he (appellant) also pulled one out and gave it to him; and that Raef then gave $5.00 to Pat. Appellant also testified that he had gotten the tablet earlier in the day from Pat; that at the time he received it he asked Pat "What is this," to which Pat replied "It's morphine"; that the reason Pat gave him the $5.00 was because he owed him $12.00; and that when Pat gave him

the tablet he thought it was a saccharin tablet.

■ At the close of the State's evidence, appellant made a motion for an instructed verdict, arguing that the evidence showed Raef was an accomplice to the alleged offense and that his testimony was not corroborated.

After reviewing the record, we find nothing contained therein to suggest that Raef was an accomplice witness whose testimony required corroboration. The rule is, as laid down by this Court in Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139 (1959), that an undercover agent is not an accomplice witness so long as he does not bring about the crime, but merely obtains evidence to be used against those engaged in the traffic. See also Carr v. State, 495 S.W.2d 936 (Tex.Cr.App.1973); Carter v. State, 480 S.W.2d 735 (Tex.Cr.App.1972); Alvarez v. State, 478 S.W.2d 450 (Tex.Cr.App.1972); Ochoa v. State, 444 S.W.2d 763 (Tex.Cr.App.1969).

■ Appellant contends by his second ground of error that the trial court erred in refusing to submit his special requested charge on entrapment to the jury. He argues that there is no evidence that he would have sold or given anything to anybody, absent the State's witness' activities in presenting himself as a willing buyer of "anything" anybody had.

This Court in Haywood v. State, 482 S.W.2d 855 (Tex.Cr.App.1972), in quoting from other cases, stated:

"It is the general rule that where the criminal intent originates in the mind of an accused, the fact that the officers furnish the opportunity for or aid the accused in the commission of a crime constitutes no defense to such a prosecution. However, if the criminal design originates in the mind of the officer, and he induces a person to commit a crime which he would not otherwise have com-

---

1. Two other men were in the house listening to records with appellant.

mitted except for such inducement, such is entrapment and, in law, may constitute a defense. . . . Unless an accused has established as a matter of law that he was entrapped, the factual issue is a question for the jury when the evidence raises an issue as to whether the intent to commit the crime originated in the mind of the accused or in the officer's mind. . . . *Where, however, the evidence does not raise such an issue, it is not error to refuse a charge on entrapment.*" (Emphasis supplied).

Appellant testified that he was told and believed the pill he had was morphine, and that he gave the pill to Raef. He never testified as to any inducement causing him to commit the crime which he otherwise would have not committed, nor is there any such evidence from any other source in the record. Likewise, he did not testify, nor is there any evidence elsewhere in the record, that the criminal design originated in Raef's mind rather than his own. He testified that Raef asked if anyone had anything to sell, but there is no testimony that appellant answered the question or responded to it. From his own testimony he apparently decided to act as a result of his conversation with Pat Jackson. Thus there was no evidence of either of the elements of entrapment, both of which had to be raised to entitle appellant to a charge thereon.

There is no evidence that the criminal design originated in the mind of the undercover agent and that he induced the appellant to commit a crime which he would not otherwise have committed except for such inducement. Raef merely furnished the opportunity for appellant to commit the offense for which he now stands convicted. The trial court did not err in refusing to charge the jury on the defense of entrapment.

Next, appellant contends that the trial court erred in overruling his motion for instructed verdict on the ground that the evidence was insufficient to support the verdict, in that it failed to show that he sold anything to the State's witness. The issue, as appellant states in his brief, is whether the mere "handing" of a morphine pill to the undercover agent constitutes either a sale, barter, exchange, or gift or offer therefor, or transaction, within the meaning of the court's charge. We hold that it does.

Article 725b, Section 1, Subdivision 10, Vernon's Ann.P.C., provides:

"(10) 'Sale' includes barter, exchange, or *gift*, or offer therefor, and, each such transaction made by any person, whether as principal, proprietor, *agent*, servant, or employee." (Emphasis supplied).

A "sale" occurred within the meaning of the statute when appellant "handed" the morphine tablet in question to Agent Raef. Moreover, even if appellant had not received the $5.00 in question as payment for the morphine, proof would be sufficient. See and compare Lewis v. State, 482 S.W. 2d 177 (Tex.Cr.App.1972); Mistrot v. State, 471 S.W.2d 831 (Tex.Cr.App.1971) with Green v. State, 502 S.W.2d 807 (Tex. Cr.App.1973.)

Finally, appellant contends that the court erred in instructing the jury that the word "sell" included the words "barter, exchange or give, or offer therefor," such instruction being unsupported by the evidence.

We find no objection to the court's charge on the ground now urged on appeal; therefore, nothing is presented for review. See Gray v. State, 475 S.W.2d 246 (Tex.Cr.App.1972).

Finding no reversible error, the judgment is affirmed.