**Truman Dean HENSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 50702.**

Court of Criminal Appeals of Texas.

Dec. 19, 1975.

Dade & Young by John E. Rapier, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton and John Ovard, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The offense was burglary; the punishment, enhanced under Art. 63, V.A.P.C., confinement for life.

■ The sole ground of error raised by appellant's appointed attorney is without merit. Our reading of the record, however, reveals a violation of the mandatory provisions of Art. 26.04, V.A.C.C.P. In the interest of justice, we will consider such violation as unassigned error, Art. 40.09(13), V.A.C.C.P., as we did in *Crothers v. State*, 480 S.W.2d 642.

The record reflects that appellant was initially indicted for burglary. Trial counsel was appointed on May 10, 1973. The State later re-indicted appellant upon the same offense as a habitual offender. Such indictment was filed July 16, 1973. Three days later, on July 19, 1973, the same attorney was reappointed to represent appellant on the charges contained in the new indictment. The trial commenced the same day.

Article 26.04, V.A.C.C.P., provides in pertinent part as follows:

"  .   .   .

"(b) The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and accused."

■ It is the actual preparation time, not the time of formal appointment, that determines whether a defendant has been given the mandatory preparation time for trial provided by the statute. *McBride v. State*, 519 S.W.2d 433; *Davis v. State*, 513 S.W.2d 928; *Moore v. State*, 493 S.W.2d 844. In the instant case, appellant had ample time to prepare his defense to the burglary allegations. As stated in an entry on the docket sheet dated July 19, 1973, "This present cause is a reindictment of that [earlier burglary] case and charge, identical offense."

■ He could not have had more than three days, however, to prepare for trial on the enhancement allegations of his second indictment. Such additional allegations were not minor alterations of the pleadings, but constituted new allegations, unrelated to the original offense, that might have substantively affected the accused's preparation for trial and, of course, the range of punishment in the event he was convicted, as actually occurred. Cf. *Guzman v. State*, 521 S.W.2d 267; *Hayles v. State*, 507 S.W.2d 213.

In short, the record does not affirmatively show that appellant's court-appointed attorney had ten days time to prepare for the new enhancement allegations, or that the second appointment was made only to allow payment for services. *Prince v. State*, 500 S.W.2d 533; *Houston v. State*, 490 S.W.2d 851; *Crothers v. State*, 480 S.W.2d 642; cf. *Carter v. State*, 480 S.W.2d 735; *Lee v. State*, 478 S.W.2d 469; *Gray v. State*, 475 S.W.2d 246; *Meeks v. State*, 456 S.W.2d 938.

■ The record reflects no properly executed waiver of the statutory ten day period with respect to the enhancement allegations of the indictment. Finally, in a direct appeal from conviction, it is wholly immaterial whether any complaint regarding sufficiency of preparation time was raised at trial. Cf. *Sutton v. State*, 519 S.W.2d 422; *Clemons v. State*, 501 S.W.2d 92; *Hill v. State*, 480 S.W.2d 200, cert. denied, 409 U.S.

1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (1972); *Meadows v. State*, 418 S.W.2d 666.

We are next faced with the question of the appropriate relief to be granted. After a jury found appellant guilty of the offense of burglary, the punishment hearing, at appellant's request, was before the court. The enhancement allegations for which appellant had insufficient time to prepare related only to such hearing. Because that hearing was before the court, there is no need for an entire new trial. Instead, the punishment should be set aside and the cause remanded for a new punishment hearing before the court. *Elizalde v. State*, 507 S.W.2d 749; *Miller v. State*, 472 S.W.2d 269; *Brumfield v. State*, 445 S.W.2d 732, 740 (on motion for rehearing); *Wheat v. State*, 442 S.W.2d 363.

The judgment of conviction is affirmed. The cause is remanded for hearing on punishment.