Opinion filed November 17, 2005

















 
 
 The Court on this day, November 16, 2006, has withdrawn this opinion
 and judgment dated November 17, 2005, and substituted the opinion and
 judgment dated November 16, 2006.
 
 







 
 
  
 
 




Opinion filed November 17, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00009-CR 

 

                                                    __________

 

                                    GARY ALLAN SEALS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor County,
Texas

 

                                                 Trial
Court Cause No. 21,277-A

 



 

                                                                   O
P I N I O N

 

After the jury convicted Gary Allan Seals of
burglary of a building, a state jail felony, the trial court found that
appellant had two prior felony convictions and assessed his punishment at
confinement for 15 years.   We affirm.

                                                                Background
Facts








The indictment charged that on or about March 24,
2003, appellant intentionally and knowingly entered a building which was not
then open to the public without consent of the owner; that appellant entered
the building with intent to commit theft; that appellant had been finally
convicted of burglary of a building in Harris County in 1989; and that
appellant had been finally convicted of burglary in Garza County in 1986.

                                                                  Issues
Presented

Appellant presents two points of error for
appellate review.  First, we will discuss
the point which has become moot. 
Appellant argues in his second point of error that the trial court erred
Ain enhancing the range of punishment to
a first degree felony.@  The original judgment of conviction stated
that appellant was convicted of a state jail felony which was enhanced by proof
of two prior offenses to a first degree felony. 
The supplemental transcript contains a judgment nunc pro tunc which
corrects that error.  The record now
shows that the punishment was enhanced to a second degree felony, and the
second point of error is overruled as moot. 
Appellant argues in his other point of error that the trial court erred
in admitting evidence of his prior conviction in Garza County.  

                                                        The
Garza County Conviction

Appellant=s
attorney objected to State=s
Exhibit No. 14 Aon the
grounds that the offense was committed on 2-3 of 086,
date of the judgment was 2-11 of 086.@ 
Appellant argued that nowhere in the judgment was there any waiver of
the ten days in which to prepare for trial, and appellant=s lawyer said that he and his client
would object to the exhibit on that basis. 
That objection was overruled, and the exhibit was admitted into evidence
after the expert witness testified that the fingerprints on that exhibit
matched appellant=s
fingerprints.

State=s
Exhibit No. 14 is the penitentiary packet which contains the judgment from
Cause No. 1511, State of Texas v. Gary Seals,
106th District Court of Garza County,
 Texas.  The date of the judgment is February 11,
1986; and the judgment states that the offense was committed on February 3,
1986.  The judgment also shows that
notice of appeal was not given, and the judgment reads in relevant part as
shown:

The Defendant appeared both in person and by
counsel and the Defendant, having elected to waive a jury herein and submit all
matters of both law and fact to the Court, in person, in open Court and with
his attorney, and upon entering his plea of guilty herein, waived his right to
a jury.

 

Whereupon the Defendant having been duly arraigned
before the Court and both the State and Defense in open Court announced
ready for trial, the Defendant, in open Court, and in person, and
represented by his attorney, pleaded guilty. 
(Emphasis added)

 








The judgment states that the court admonished
appellant, that it appeared to the court that appellant was sane, and that the
plea of guilty was supported by evidence which was introduced.  Appellant was convicted of burglary and
sentenced to serve a term of 12 years confinement.

                                                                        Opinion

TEX. CODE CRIM. PRO. ANN. art. 27.11 (Vernon 1989) provides
that, in all cases, the defendant Ashall
be allowed ten entire days@
to file written pleadings.  None of the
cases cited by appellant involved a collateral attack on a prior final
conviction.  Oliver v. State, 646
S.W.2d 242 (Tex.Cr.App.1983), is a case where the record shows that the
defendant made Aan
affirmative request@ for the
time allowed by Article 27.11 and that the request was refused.  Young v. State, 752 S.W.2d 235
(Tex.App. - Fort Worth 1988), aff=d,
796 S.W.2d 195 (Tex.Cr.App.1990), is a case where the court of appeals said
that the failure to allow appointed counsel ten days to prepare for trial
requires reversal on direct appeal.  Henson
v. State, 530 S.W.2d 584 (Tex.Cr.App.1975), is a case where the cause was
remanded for a new punishment hearing because the appointed counsel was not
allowed ten days to prepare for the enhancement allegations in the reindictment
of a habitual offender.  The court in Henson
noted in its opinion that it was a Adirect
appeal from conviction.@  Henson v. State, supra at 585.  The last case cited by appellant on this point
of error is Peters v. State, 575 S.W.2d 560 (Tex.Cr.App.1979), where the
court noted that the failure to allow appointed counsel ten days to prepare for
trial Arequires
reversal on direct appeal without the necessity of showing harm or prejudice.@ 
The case before us involves a collateral attack on a final
conviction.  New v. State, 583
S.W.2d 781 (Tex.Cr.App.1979).  Point of
Error No. 1 is overruled.

                                                                This
Court=s Ruling

The judgment of the trial court is affirmed.         

 

BOB DICKENSON

SENIOR JUSTICE

 

November 17, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Dickenson, S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.