**AFFIRM; and Opinion Filed July 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00217-CR

**LYDARRIEN ASHLEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-73047-M**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Appellant Lydarrien Ashley appeals from the trial court's judgment adjudicating him guilty of violating a protective order. In his sole issue on appeal, appellant argues that the trial court abused its discretion by adjudicating his guilt because his appointed counsel was not afforded ten days in which to prepare for the proceeding. We affirm the trial court's judgment.

The State indicted appellant for violating a protective order by intentionally, knowingly, and recklessly causing bodily injury to the complainant by striking the complainant with his hand, a third-degree felony. *See* TEX. PENAL CODE ANN. § 25.07 (West Supp. 2014). Pursuant to a plea bargain, appellant pleaded guilty, and the court placed appellant on deferred community supervision for two years and ordered him to pay a $500 fine. About six months later, the State moved to adjudicate appellant's guilt for violation of his conditions of community supervision. Appellant pleaded true, and the court modified appellant's conditions and continued him on

deferred adjudication for an additional two years. Four months later, the State again moved to adjudicate appellant's guilt alleging he violated the conditions of community supervision. Appellant again pleaded true to the allegations and asked the trial court to assess his sentence. Following a hearing in which appellant asked the trial court to continue him on community supervision, the court sentenced appellant to six years in prison. Appellant filed a motion for new trial, which was overruled by operation of law.

On appeal, appellant argues that the trial court abused its discretion by adjudicating his guilt because his appointed counsel was not provided ten days in which to prepare for the proceeding. And he argues that, as a result, he is entitled to a new punishment hearing. The State argues that appellant and his appointed counsel waived the ten-day period. We agree with the State.

We review a trial court's decision to adjudicate guilt under an abuse of discretion standard. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). The code of criminal procedure mandates that counsel appointed to represent an indigent defendant is entitled to ten days to prepare for a proceeding. TEX. CODE CRIM. PROC. ANN. art. 1.051(e) (West Supp. 2014). However, appointed counsel may waive the statutory ten-day preparation period with the consent of the defendant in writing or on the record in open court. *Id*.

In this case, appellant signed plea papers in which he stated he pleaded true to the allegations that he violated the terms and conditions of his community supervision and "waive[d] . . . my right to ten days to prepare for trial after the appointment of counsel . . . ." His appointed counsel also signed those plea papers. At the plea hearing, the court asked counsel whether she had been given ten days in which to prepare. She said she had not, but said appellant "has chosen to waive that right." The court questioned appellant about the waiver, and appellant said

he wanted to "[t]ake care of my case today" and did not want to "utilize that ten-day period" afforded him under the law. After appellant told the court that he wanted to waive the ten-day preparation period for his appointed counsel, his lawyer entered a plea of true on appellant's behalf, and the hearing proceeded. The State offered evidence, to which appointed counsel said, "No objections," and then appellant's appointed counsel called appellant as a witness to testify about why the court should continue him on community supervision. At the conclusion of the hearing, the court adjudicated appellant's guilt and sentenced him to six years in prison. The court asked appointed counsel if there was "[a]ny reason at law why your client should not be sentenced at this time" and counsel said "No, Your Honor."

The record reflects that appellant's appointed counsel waived the statutory ten-day period with appellant's consent in writing and on the record in open court. *See id.*; *cf. Henson v. State*, 530 S.W.2d 584, 585 (Tex. Crim. App. 1975) (violation of article 1.051(e) where record "reflects no properly executed waiver of the statutory ten day period"). Consequently, appellant has not shown that a violation of article 1.051(e) occurred, and the trial court did not abuse its discretion by adjudicating appellant's guilt. We resolve appellant's sole issue against him and affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

140217F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LYDARRIEN ASHLEY, Appellant

No. 05-14-00217-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-73047-M.
Opinion delivered by Justice Lang-Miers, Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of July, 2015.