**Affirmed as Modified; Opinion Filed November 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00087-CR

### JOSEPH NABIL SIDHOM, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-25547-Q**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

Appellant Joseph Nabil Sidhom pleaded guilty to the offense of theft of property of an aggregate value of $20,000 or more but less than $100,000. In accordance with a negotiated plea agreement, the trial court found appellant guilty, sentenced him to eight years' imprisonment, suspended imposition of the sentence, and placed appellant on ten years' community supervision. The court also assessed a $2000 fine and ordered payment of $27,154.14 in restitution. The State subsequently filed a motion to revoke probation, followed by an amended motion to revoke. Appellant entered an open plea of "true" to four of the six violations alleged in the amended motion to revoke. The trial court found that appellant committed the alleged violations, revoked appellant's community supervision, and sentenced him to eight years' imprisonment. In one issue, appellant contends the trial court erred by conducting the hearing on the State's amended motion to revoke without appellant having voluntarily, intelligently and knowingly

waived the statutory ten-day preparation period before the revocation hearing. As modified, we affirm the trial court's judgment.

DISCUSSION

In his issue, appellant argues the trial court erred by conducting the hearing on the State's amended motion to revoke community supervision because appellant did not voluntarily, intelligently, or knowingly waive the statutory ten-day period to prepare for the hearing.

"'Appellate review of an order revoking [community supervision] is limited to abuse of the trial court's discretion.'" *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The code of criminal procedure mandates that counsel appointed to represent an indigent defendant is entitled to ten days to prepare for a proceeding. TEX. CODE CRIM. PROC. ANN. art. 1.051(e) (West Supp. 2014). However, appointed counsel may waive the statutory ten-day preparation period with the consent of the defendant in writing or on the record in open court. *Id.*

According to the record, the State's original motion to revoke probation, filed on November 26, 2013, alleged three probation violations. The State filed an amended motion to revoke on January 9, 2015. The amended motion included the three violations alleged in the original motion and three additional violations. At the January 14, 2015 revocation hearing, defense counsel informed the court she first learned of, and first reviewed, the State's amended motion earlier that day. Defense counsel stated, "I have been over the motion, however, with my client this morning. We discussed the allegations and we are pleading Not True to some of the allegations in that motion[.]" Defense counsel informed the court that she had notified the State of appellant's pleas and that she excluded the alleged violations to which appellant was pleading "not true" from appellant's open plea paperwork.

The trial court confirmed that defense counsel had less than ten days to prepare for the

proceeding on the amended motion to revoke. The court asked appellant if he wanted to waive the ten days and go forward with the revocation proceeding, or if he wanted the court to delay the proceedings ten days to consult with his attorney and prepare his case to move forward. Appellant spoke briefly with defense counsel, who asked if he wanted to wait ten days or proceed with the hearing. Defense counsel asked: "Do you want to wait ten days or do you want to proceed today? It is your pleasure. Whatever you decide. If you think you need more time to gather more evidence to think about what is being done, or do you want to wait and proceed today?" Appellant replied, "Proceed," and defense counsel notified the court that appellant "wants to proceed today." The trial court then asked appellant, "Mr. Sidhom, you've had an opportunity to consult with your attorney and is it your desire to waive or give up that ten days and proceed with your hearing today?" Appellant answered, "Yes, ma'am." Appellant thereafter entered an open plea of true to four of the six allegations alleged in the State's amended motion to revoke. The trial court asked appellant: "You have heard your attorney enter those pleas on your behalf. Are those, in fact, your pleas?" Appellant said, "Yes, ma'am." The court then asked, "And you are you entering those pleas freely and voluntarily?" Appellant responded, "Yes, ma'am."

Appellant acknowledges his in-court waiver and the fact that "the district court had more than sufficient evidence, including appellant's plea of 'True' to four (4) of the allegations, to exercise her discretion and revoke appellant's probation." Appellant nonetheless argues his waiver was not voluntarily, intelligently, or knowingly made and that having a ten-day delay "may have" afforded him an opportunity to present mitigating evidence in support of his testimony at the revocation hearing. The record, however, reflects that appellant's appointed counsel waived the statutory ten-day period with appellant's consent on the record in open court. *See id*.; *cf. Henson v. State*, 530 S.W.2d 584, 585 (Tex. Crim. App. 1975) (violation of article

1.051(e) where record "reflects no properly executed waiver of the statutory ten day period"); *Ashley v. State*, No. 05–14–00217–CR, 2015 WL 4077321, at \*2 (Tex. App.—Dallas July 6, 2015, no pet.) (same). Thus, appellant has not shown that a violation of article 1.051(e) occurred, and the trial court did not abuse its discretion by revoking appellant's community supervision. We overrule appellant's issue.

We also note that the judgment in this case recites: "The Court FINDS Defendant has violated the conditions of community supervision as set out in the State's AMENDED Motion to Revoke Community Supervision as follows: See attached Motion to Revoke Community Supervision." A copy of the State's amended motion to revoke is attached to the judgment, but the record shows appellant pleaded "true" to only four of the six violations alleged in the State's amended motion to revoke: (a[1]) committing the offense of "Assault Bodily Injury/Family Member" on or about October 26, 2013; (d) not reporting to community supervision from September 2013 through December 2014; (g) traveling outside of Dallas County, on December 15, 2014, without having first obtained written permission from the Court or Supervising Officer; and (p) not paying restitution as directed. Appellant pleaded "not true" to the other two violations alleged in the amended motion: (a[2]) committing the offense of "[v]iolation of Bond/Protective Order" on or about November 18, 2013 in Denton County, Texas, and (i) failing to support his dependents. The trial court accepted the pleas of true and found appellant violated the conditions of his community supervision. Because we have the necessary information in the record to do so, we will therefore reform the judgment in this case to show appellant violated conditions (a[1]), (d), (g), and (p), as alleged in the State's amended motion to revoke probation. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd); *Brightmon v. State*, Nos. 05–13–01371–CR, 05–13–01372–CR, 05–13–01373–CR, and 05–13–01374–CR,

2015 WL 3653235, at *5 (Tex. App.—Dallas June 12, 2015, no pet.) (mem. op., not designated for publication); *Manimoi v. State*, No. 05–12–00586–CR, 2013 WL 4624820, at *1 (Tex. App.—Dallas Aug. 2, 2014, pet. ref'd) (mem. op., not designated for publication).

As modified, we affirm the trial court's judgment.

/s/ Lana Myers
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150087F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH NABIL SIDHOM, Appellant

No. 05-15-00087-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-25547-Q.
Opinion delivered by Justice Myers. Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The recitation that "The Court **FINDS** Defendant has violated the conditions of community supervision as set out in the State's **AMENDED** Motion to Revoke Community Supervision as follows: See attached Motion to Revoke Community Supervision" should be changed to "The Court **FINDS** Defendant has violated the conditions (a[1]), (d), (g), and (p) of his community supervision as set out in the State's **AMENDED** Motion to Revoke Community Supervision."

As **REFORMED**, the judgment is **AFFIRMED**. We direct the trial court to prepare a new judgment that reflects this modification.

Judgment entered this 5th day of November, 2015.