PD-1584-15

PD-1584-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/4/2015 3:45:39 PM
Accepted 12/7/2015 1:43:42 PM
ABEL ACOSTA
CLERK

NO. PD-_____-15

# IN THE
# COURT OF CRIMINAL APPEALS
# STATE OF TEXAS

_____

**JOSEPH NABIL SIDHOM**
Appellant/Petitioner
vs.
**THE STATE OF TEXAS,**
Appellee/Respondent

_____

## APPELLANT'S PETITION FOR
## DISCRETIONARY REVIEW

_____

Cause No. 05-15-00087-CR
Court of Appeals, Fifth District
At Dallas, Texas

_____

Lawrence B. Mitchell
SBN 14217500
P.O. Box 797632
Dallas, Texas 75379
Tel. No. 214.870.3440
E-mail: judge.mitchell@gmail.com

Attorney for Petitioner/Appellant

FILED IN
COURT OF CRIMINAL APPEALS

December 7, 2015

ABEL ACOSTA, CLERK

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

PRESIDING JUDGE:    The Honorable Tammy Kemp, 204th District Court

PARTIES:    Joseph Nabil Sidhom, Appellant/Petitioner

The State of Texas, Appellee/Respondent

Counsel:    Trial counsel for Appellant:

Ann Thornton, P.O. Box 140624, Dallas, Texas 75214

Appeal counsel and Petition for Discretionary Review counsel for Appellant:

Lawrence B. Mitchell, P.O. Box 797632,
Dallas, Texas 75379

Trial counsel for the State:
Assistant District Attorney Robert A. McClure
133 N. Riverfront Blvd., Dallas, Texas 75207

Appellate counsel for the State:

Appellate and Petition counsel for the State:
Assistant District Attorney Larissa Roeder,
Susan Hawk, Criminal District Attorney, Dallas County,
Texas or her designated representative, 133 N.
Riverfront Blvd., Dallas, Texas 75207

# TABLE OF CONTENTS

Identity of Judge, Parties, and Counsel....................................................................i

Table of Contents ...................................................................................................ii

Index of Authorities..............................................................................................iii

Statement Regarding Oral Argument.......................................................................2

Statement of the Case ................................. ...........................................................2

Statement of Procedural History.............................................................................2

Ground for Review: ...............................................................................................3

### I.

WHETHER THE COURT OF APPEALS ERRED IN HOLDING THAT THE DISTRICT COURT DID NOT ERR IN CONDUCTING THE HEARING ON THE STATE'S AMENDED MOTION TO REVOKE COMMUNITY SUPERVISION WITHOUT APPELLANT HAVING INTELLIGENTLY, KNOWINGLY AND VOLUNTARILY WAIVED HIS STATUTORY TEN DAY RIGHT TO PREPARE FOR THE PROCEEDING

Argument.................................................................................................................3

Prayer for Relief.....................................................................................................6

Certificate of Word-Count Compliance...................................................................7

Certificate of Service..............................................................................................7

Appendix

# INDEX OF AUTHORITIES

## Cases:

*Ashcraft v. State*, 900 S.W.2d 817 (Tex. App. - Corpus Christi 1995)....................4

*Caddell v. State*, 605 S.W.2d 275 (Tex. Crim. App. 1980).......................5

*Ex parte Carmona*, 185 S.W.3d 492 (Tex. Crim. App. 2006)................................5

*Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App.1993)............................4

*Ponce v. State*, 89 S.W.3d 110 (Tex. App. - Corpus Christi 2002).........................4

*Rickels V State*, 202 S.W.3d 759 (Tex. Crim. App. 2006)........................5

*Saldano v. State*, 70 S.W.3d 873 (Tex. Crim. App. 2002).......................4

## STATUTES:

**TEX. CODE CRIM. PROC. ANN. art. 1.051 (a)** .......................................3

**TEX. CODE CRIM. PROC. ANN. art. 1.051(e)**.......................................4

## Texas Rules of Appellate Procedure:

**TEX. R. APP. P. 9.4 (i) (1)**................................................7

**TEX. R. APP. P. 9.4 (i) (3)**................................................7

NO. PD-_____-15

# IN THE
# COURT OF CRIMINAL APPEALS
# STATE OF TEXAS

_____

**JOSEPH NABIL SIDHOM**
Appellant/Petitioner
vs.
**THE STATE OF TEXAS**,
Appellee/Respondent

_____

**APPELLANT'S PETITION FOR
DISCRETIONARY REVIEW**

_____

Cause No. 05-15-00087-CR
Court of Appeals, Fifth District
At Dallas, Texas

_____

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

**COMES NOW** Joseph Nabil Sidhom, appellant herein, and respectfully submits this his Petition for Discretionary Review of the decision of the Court of appeals for the Fifth District of Texas at Dallas.

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant waives oral argument.

## STATEMENT OF THE CASE

Appellant was indicted for the felony offense of Theft. On June, 18, 2013 appellant entered a negotiated plea agreement and the district court found appellant guilty setting his sentence at confinement in the penitentiary for eight (8) years but the imposition of the sentence was suspended and appellant was placed under community supervision for eight (8) years.

During the term of community supervision, the State filed a Motion and Amended Motion the Revoke appellant's probation. On January 14, 2015 appellant entered a plea of "True" to some of the allegations that he had violated the terms of community supervision and a plea of "Not True" to other allegations. Based upon the pleas and the evidence presented, the district court revoked appellant's community supervision and imposed the eight (8) years sentence originally assessed. Notice of appeal was timely given.

## STATEMENT OF PROCEDURAL HISTORY

The unpublished opinion of the Court of Appeals for the Fifth District of Texas at Dallas affirming the judgment of the district court was delivered on November 5, 2015. No Motion for Rehearing was filed.

## GROUND FOR REVIEW

## I.

<u>WHETHER THE COURT OF APPEALS ERRED IN HOLDING THAT THE DISTRICT COURT DID NOT ERR IN CONDUCTING THE HEARING ON THE STATE'S AMENDED MOTION TO REVOKE COMMUNITY SUPERVISION WITHOUT APPELLANT HAVING INTELLIGENTLY, KNOWINGLY AND VOLUNTARILY WAIVED HIS STATUTORY TEN DAY RIGHT TO PREPARE FOR THE PROCEEDING</u>

## ARGUMENT

<u>THE COURT OF APPEALS HAS DECIDED AN IMPORTANT QUESTION OF STATE LAW IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS</u>

Appellant received a copy of the State's Motion the Revoke Probation on December 18, 2014 and counsel was appointed. The State subsequently filed an Amended Motion to Revoke Probation but appellant and counsel did not receive a copy of the Amended Motion until the day of the hearing on the Amended Motion. Under Texas law, appellant had the "right to consult **in private** with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding." **TEX. CODE CRIM. PROC. ANN. art. 1.051 (a)** (emphasis supplied). The

3

purpose of this provision is to allow appointed counsel a reasonable amount of time to prepare a defense. *Ashcraft v. State*, 900 S.W.2d 817, 829 (Tex. App. - Corpus Christi 1995). Appointed counsel, by statute, has ten (10) days to prepare for a proceeding but counsel can waive the preparation time with the consent of the defendant in writing or on the record in open court. **TEX. CODE CRIM. PROC. ANN. art. 1.051(e)**. However, to be effective, the waiver must be made intelligently, knowingly and voluntarily. A waiver not so made is akin to no waiver and therefore can be raised for the first time on appeal. See *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002); *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App.1993); *Ponce v. State*, 89 S.W.3d 110 (Tex. App. - Corpus Christi 2002).

Appellant complains herein that he did not have sufficient time notice of the allegations in the State's Amended Motion to Revoke probation. Appellant and his counsel were not aware of the new allegations in the Amended Motion until the day of the revocation hearing. Appellant's on record waiver was made without having been properly advised of the consequences of a potential waiver.

The court of appeals opinion notes correctly, and not disputed by appellant on direct appeal or in this Petition, that the trial record reflected that appellant and appointed counsel waived the statutory ten-day period to prepare for trial. (slip opinion, p. 3). But this was a mere facade of statutory compliance. Appellant was not

4

allowed to consult in "private" with counsel, about his statutory right. The "consultation" consisted of no more than trial counsel explaining to appellant that he had the right to waive the ten-day period. (slip opinion p. 3). There was no consultation in which counsel explained appellant's rights to him or counseled him on whether it was in his best interest to consent to the waiver. Under Texas law, appointed counsel, as was once so artfully phrased, is more than "...a potted plant."

Revocation of community supervision must be based on the allegations timely known by the probationer prior to the hearing. *Rickels V State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Ex parte Carmona*, 185 S.W. 492, 495 (Tex. Crim. App. 2006); *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). If the allegations are not timely known and if the defendant does not intelligently, knowingly and voluntarily waive timely notice, then the purported waiver is not valid.

Appellant complained on direct appeal that his on-record waiver of the statutory right of ten days to prepare for the hearing was not intelligently, knowingly or voluntarily made because he was not afforded the right to consult in private with counsel about the propriety or detriment of waiver. The opinion of the court of appeals states that "(t)he record...reflects that appellant's appointed counsel waived the statutory ten-day period with appellant's consent on the record in open court." But was that waiver intelligently, knowingly, and intelligently made? The opinion of the

5

court of appeals fails to address this issue: the issue that was raised by appellant. Appellant's waiver was not in compliance with the letter or the spirit of the law. Appellant's waiver was not made after consultation in "private" with his counsel - the letter of the law- nor was there in fact any meaningful consultation at all -the spirit of the law. The opinion of the court of appeals conflicts with the applicable decisions of the Court of Criminal Appeals that any waiver made by a defendant is proper only if made intelligently, knowingly and voluntarily. Proper reason for granting this Petition for Discretionary Review has been presented.

## PRAYER FOR RELIEF

**WHEREFORE, FOR THE FOREGOING REASONS,** appellant prays that this Petition For Discretionary Review be granted and, upon further briefing of the parties, the pending cause should be reversed and remanded.

Respectfully submitted,

/s/Lawrence B. Mitchell

Lawrence B. Mitchell
SBN 14217500
P.O. Box 797632
Dallas, Texas 75379
214.870.3440
judge.mitchell@gmail.com

Counsel for Petitioner/Appellant

6

# CERTIFICATE OF WORD-COUNT COMPLIANCE

I hereby certify, in compliance with Rule 9.4 (i) (3) of the Texas Rules of Appellate Procedure, that this document contains 1085 words, including all contents except for the sections of the Petition to be excluded by Rule 9.4 (i) (1) of the Texas Rules of Appellate Procedure, and in compliance with Rule 9.4 (i) (2)(D) of the Texas Rules of Appellate Procedure.

/s/ Lawrence B. Mitchell

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Petition for Discretionary Review is being served of this the 4th day of December, 2015 via the service function in eFile Texas, on the attorneys for the State: (1) Lori Ordiway, Assistant District Attorney, Dallas County, Texas to lori.ordiway@dallascounty.org and (2) the State Prosecuting Attorney at information@spa.texas.gov.

/s/ Lawrence B. Mitchell

# APPENDIX

2015 WL 6751133

Court of Appeals of Texas,

Dallas.

Joseph Nabil Sidhom, Appellant

v.

The State of Texas, Appellee

No. 05–15–00087–CR

Opinion Filed November 5, 2015

MEMORANDUM OPINION

Opinion by Justice Myers

Appellant Joseph Nabil Sidhom pleaded guilty to the offense of theft of property of an aggregate value of $20,000 or more but less than $100,000. In accordance with a negotiated plea agreement, the trial court found appellant guilty, sentenced him to eight years' imprisonment, suspended imposition of the sentence, and placed appellant on ten years' community supervision. The court also assessed a $2000 fine and ordered payment of $27,154.14 in restitution. The State subsequently filed a motion to revoke probation, followed by an amended motion to

revoke. Appellant entered an open plea of "true" to four of the six violations alleged in the amended motion to revoke. The trial court found that appellant committed the alleged violations, revoked appellant's community supervision, and sentenced him to eight years' imprisonment. In one issue, appellant contends the trial court erred by conducting the hearing on the State's amended motion to revoke without appellant having voluntarily, intelligently and knowingly waived the statutory ten-day preparation period before the revocation hearing. As modified, we affirm the trial court's judgment.

**Discussion**

In his issue, appellant argues the trial court erred by conducting the hearing on the State's amended motion to revoke community supervision because appellant did not voluntarily, intelligently, or knowingly waive the statutory ten-day period to prepare for the hearing.

" 'Appellate review of an order revoking [community supervision] is limited to abuse of the trial court's discretion.' " Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The code of criminal procedure mandates that counsel appointed to represent an indigent defendant is entitled to ten days to prepare for a proceeding. Tex. Code Crim. Proc. Ann. art. 1.051(e) (West Supp. 2014). However, appointed counsel may

waive the statutory ten-day preparation period with the consent of the defendant in writing or on the record in open court. Id.

According to the record, the State's original motion to revoke probation, filed on November 26, 2013, alleged three probation violations. The State filed an amended motion to revoke on January 9, 2015. The amended motion included the three violations alleged in the original motion and three additional violations. At the January 14, 2015 revocation hearing, defense counsel informed the court she first learned of, and first reviewed, the State's amended motion earlier that day. Defense counsel stated, "I have been over the motion, however, with my client this morning. We discussed the allegations and we are pleading Not True to some of the allegations in that motion[.]" Defense counsel informed the court that she had notified the State of appellant's pleas and that she excluded the alleged violations to which appellant was pleading "not true" from appellant's open plea paperwork.

The trial court confirmed that defense counsel had less than ten days to prepare for the proceeding on the amended motion to revoke. The court asked appellant if he wanted to waive the ten days and go forward with the revocation proceeding, or if he wanted the court to delay the proceedings ten days to consult with his attorney and prepare his case to move forward. Appellant spoke briefly with defense counsel, who asked if he wanted to wait ten days or proceed with the hearing. Defense counsel

asked: "Do you want to wait ten days or do you want to proceed today? It is your pleasure. Whatever you decide. If you think you need more time to gather more evidence to think about what is being done, or do you want to wait and proceed today?" Appellant replied, "Proceed," and defense counsel notified the court that appellant "wants to proceed today." The trial court then asked appellant, "Mr. Sidhom, you've had an opportunity to consult with your attorney and is it your desire to waive or give up that ten days and proceed with your hearing today?" Appellant answered, "Yes, ma'am." Appellant thereafter entered an open plea of true to four of the six allegations alleged in the State's amended motion to revoke. The trial court asked appellant: "You have heard your attorney enter those pleas on your behalf. Are those, in fact, your pleas?" Appellant said, "Yes, ma'am." The court then asked, "And you are you entering those pleas freely and voluntarily?" Appellant responded, "Yes, ma'am."

Appellant acknowledges his in-court waiver and the fact that "the district court had more than sufficient evidence, including appellant's plea of 'True' to four (4) of the allegations, to exercise her discretion and revoke appellant's probation." Appellant nonetheless argues his waiver was not voluntarily, intelligently, or knowingly made and that having a ten-day delay "may have" afforded him an opportunity to present mitigating evidence in support of his testimony at the revocation hearing. The record,

however, reflects that appellant's appointed counsel waived the statutory ten-day period with appellant's consent on the record in open court. See id.; cf. Henson v. State, 530 S.W.2d 584, 585 (Tex. Crim. App. 1975) (violation of article 1.051(e) where record "reflects no properly executed waiver of the statutory ten day period"); Ashley v. State, No. 05–14–00217–CR, 2015 WL 4077321, at *2 (Tex. App.–Dallas July 6, 2015, no pet.) (same). Thus, appellant has not shown that a violation of article 1.051(e) occurred, and the trial court did not abuse its discretion by revoking appellant's community supervision. We overrule appellant's issue.

We also note that the judgment in this case recites: "The Court FINDS Defendant has violated the conditions of community supervision as set out in the State's AMENDED Motion to Revoke Community Supervision as follows: See attached Motion to Revoke Community Supervision." A copy of the State's amended motion to revoke is attached to the judgment, but the record shows appellant pleaded "true" to only four of the six violations alleged in the State's amended motion to revoke: (a[1]) committing the offense of "Assault Bodily Injury/Family Member" on or about October 26, 2013; (d) not reporting to community supervision from September 2013 through December 2014; (g) traveling outside of Dallas County, on December 15, 2014, without having first obtained written permission from the Court or Supervising Officer; and (p) not paying restitution as directed. Appellant pleaded

"not true" to the other two violations alleged in the amended motion: (a[2] ) committing the offense of "[v]iolation of Bond/Protective Order" on or about November 18, 2013 in Denton County, Texas, and (i) failing to support his dependents. The trial court accepted the pleas of true and found appellant violated the conditions of his community supervision. Because we have the necessary information in the record to do so, we will therefore reform the judgment in this case to show appellant violated conditions (a[1] ), (d), (g), and (p), as alleged in the State's amended motion to revoke probation. See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); Asberry v. State, 813 S.W.2d 526, 529–30 (Tex. App.–Dallas 1991, pet. ref'd); Brightmon v. State, Nos. 05–13–01371–CR, 05–13–01372–CR, 05–13–01373–CR, and 05–13–01374–CR, 2015 WL 3653235, at *5 (Tex. App.–Dallas June 12, 2015, no pet.) (mem. op., not designated for publication); Manimoi v. State, No. 05–12–00586–CR, 2013 WL 4624820, at *1 (Tex. App.–Dallas Aug. 2, 2014, pet. ref'd) (mem. op., not designated for publication).

As modified, we affirm the trial court's judgment.